UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEAU E. HANSEN,<br><br>                Petitioner,<br><br> vs.<br><br>STATE OF IDAHO,<br><br>                Respondent. | Case No. 4:24-cv-00351-REP<br><br>**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT** |

## BACKGROUND

On August 5, 2024, Petitioner Beau E. Hansen filed a Petition for Writ of Habeas Corpus, citing 28 U.S.C. § 2254. Dkt. 2. He also filed a Motion and Affidavit for Release. Dkt. 4. Hansen is a pretrial detainee in the Bannock County Jail in Pocatello, Idaho. Petitioner claims he is being "held hostage" in violation of the United States Constitution. Dkt. 2 at 1, 3.

Some portions of the Petition are handwritten so lightly that they are illegible. Petitioner seems to be complaining of constitutional wrongs committed by the State of Idaho in more than one criminal case. The chronology and categorization of the alleged wrongs set forth in the Petition are difficult to follow. In 2022, Plaintiff was arrested. He asserts the arrest was unlawful for these reasons: lack of probable cause for the detention leading to arrest, his privacy rights were violated, his right to be protected from self-incrimination or his right to have compulsory process for obtaining witnesses in his favor

**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT - 1**

was violated, he was illegally patted down for a weapon, and his right to travel was impeded. He further alleges that, during criminal proceedings, his public defender "dragged out the process," the State never provided him with discovery, and his Eighth Amendment right to be free from excessive bail was violated. *See* Dkts. 2, 2-1 at 3.

In 2023, while out on bail, Petitioner was arrested again. It is unclear whether there are any claims arising from this arrest, or this information is provided as background.

In what appears to be another case, Plaintiff asserts that his due process rights were violated when he was bullied into accepting a plea agreement in 2020. *Id*. at 5.

Petitioner also states he had an outstanding warrant for a probation violation when he was arrested. *Id*. at 4. This appears to be another separate claim arising from a separate set of charges.

Petitioner also was charged with sentencing enhancements, and he asserts that the enhancements were wrongfully based on crimes he committed from 2015 and 2018.[1] *Id*. at 5. These allegations may relate to a persistent violator charge in one of his pending cases.

The register of actions for Petitioner's name on the Idaho Supreme Court's public website shows at least two active criminal cases. In Case CR03-24-05383, Petitioner is

---

[1] Petitioner's public record on the IDOC website shows a 2023 conviction for possession of a controlled substance, with a sentence satisfaction date in 2028; a 2009 aggravated battery conviction, for which the sentence was satisfied in 2015; a 2009 attempted strangulation conviction, satisfied in 2020; and a 2000 possession of a controlled substance conviction, satisfied in 2007. *See* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/62222.

**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT - 2**

charged with possession of a controlled substance and drug paraphernalia. A jury trial is set for November 6, 2024.[2] In Case CR03-23-09939, Petitioner faces a probation violation charge.[3] For habeas corpus relief in this action, he seeks "dismissals all the way around." *Id*. at 5.

## DISCUSSION

Overall, it is difficult to determine which factual allegations arise from which cases. Claims based on probation violations must be pursued in a different habeas corpus petition from claims based on criminal charges or convictions. *See* Federal Rules Governing Section 2254 Cases, Rule 2(e). Because of these organizational problems, as well as for the following reasons, Petitioner may not proceed, but may file a response to this Order and amended or separate petitions, if appropriate.

**1. Governing Rules**

Title 28 U.S.C. § 2254 governs federal habeas corpus challenges to final state criminal judgments, while § 2241 governs challenges of pretrial detainees in currently-pending cases with no final judgments. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Rule 1(b) of the Rules Governing Section 2254 Cases ("Habeas Rules") provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," such as a § 2241 case. Here, the bulk

---

[2] *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0.

[3] *See id*.

**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT - 3**

of the Petition seems to be complaining of errors in an ongoing criminal case and in another ongoing probation violation case. Therefore, the Court will apply § 2241 and the Habeas Rules to the Petition.[4]

### 2. Exhaustion Requirement

A prerequisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). State and federal courts have concurrent jurisdiction over federal constitutional issues. *Burt v. Titlow*, 571 U.S. 12, 19 (2013) ("Under [our] system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States," *quoting Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)).

The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of § 2254 petitions). This means that a person in state custody must present his federal constitutional claims to the state courts, including the Idaho Supreme Court, before filing a federal petition. If relief

---

[4] Should Petitioner desire to challenge his 2020 conviction or sentence, that must be asserted in a new and different § 2254 case, but it would likely face timeliness and other procedural defenses.

**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT - 4**

is not granted after exhausting all state court remedies through the Idaho Supreme Court, the petitioner may proceed to federal court.

A petitioner may not skip past the Idaho Supreme Court and ask the federal district court to hear a constitutional claim. It is clear that "federal courts are not at liberty to presume that the decision of the state court would be otherwise than is required by the fundamental law of the land." *Schlesinger v. Councilman*, 420 U.S. 738, 756 (1975) (citation and punctuation omitted).

A very limited exception to the exhaustion rule exists. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies only if a petitioner can show that "special circumstances" warrant federal intervention. *Id.* For example, extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F.Supp. 102, 105 (D.N.Y. 1963). If a defendant is seeking to "derail a pending state criminal proceeding, and . . . he may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of his constitutional claims "until 'a time when federal jurisdiction will not seriously disrupt state judicial processes.'" *Neville v. Cavanagh*, 611 F.2d 673 (7th Cir.1979) (relying on *Braden*, 410 U.S. at 491, and quoting *United States ex rel Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979)).

**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT - 5**

Here, it appears that Petitioner is in the midst of one or more state court actions and that he has not exhausted his state court remedies or shown extraordinary circumstances. Therefore, he may not proceed on claims arising from his pending state criminal and probation violation cases.

### 3. Abstention

Federal courts employ the doctrine of abstention when they decide to refrain from hearing claims already pending in state court based on "regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." R.*R. Comm'n of Tex. v. Pullman Co*., 312 U.S. 496, 501 (1941) (citations and punctuation omitted). Under *Younger v. Harris*, 401 U.S. 37 (1971), federal abstention from interference in state criminal proceedings is warranted when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal punctuation and citation omitted).

Nevertheless, even when the foregoing factors are met, a petitioner can persuade the Court to hear a state criminal matter if one of three exceptions is met: if the petitioner shows prosecutorial bad faith or harassment, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976) (citing *Younger*, 410 U.S. at 53-54); if he is being prosecuted under a patently invalid state statute, *id*.; or if there is "some other

extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 766 (citation omitted).

Here, it appears that abstaining from hearing Petitioner's pending state criminal and probation violation cases would be appropriate. Nothing in the record shows that the alleged federal constitutional violations cannot be remedied in due course in state court. A future appeal is considered an "adequate opportunity" for a petitioner to raise constitutional challenges. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Plaintiff will be given an opportunity to respond.

## CONCLUSION

A preliminary review of Petitioner's filings shows that he is not entitled to proceed in federal court for two separate reasons. The first is that he has not exhausted his state court remedies. The second is that the federal court usually does not interfere with state criminal proceedings under the abstention doctrine. The Court will permit Petitioner to file an amended petition clarifying which single state court proceeding he would like to challenge in this case. Further, he may respond to this Order, either in the Petition or in a separate brief, to provide further information and argument about why he should be permitted to proceed, addressing exhaustion and abstention. Alternatively, Petitioner may file a notice of voluntary dismissal. Any further handwritten filings by Petitioner must be

**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT - 7**

written in black ink, as the Petition is partially illegible because it is too light. In addition, Petitioner is required to substitute a proper respondent if he desires to proceed.[5]

Respondent is not required to respond to the Petition unless a court order to do so is entered. Petitioner is notified that requesting entry of default judgment is not a procedure applicable to habeas corpus proceedings.

Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case, the Clerk of Court will be ordered to reassign this case to a United States District Judge. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall reassign this case to a United States District Judge.

2. Within **21 days** after entry of this Order, Petitioner must file an amended petition with briefing to provide further information and argument for the Court's review, addressing the deficiencies and issues set forth above. He must name a proper respondent in his amended petition. Alternatively, Petitioner may file a notice of voluntary dismissal.

3. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 5) is GRANTED.

---

[5] *Habeas corpus*, translated from Latin, means "produce the body." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Thus, a jurisdictional requirement for habeas corpus actions is the naming of a proper respondent—one who has the power to produce the petitioner if a writ issues. In a circumstance where the petitioner is in custody, the proper respondent is usually the warden or sheriff of the facility where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

**INITIAL REVIEW ORDER AND ORDER OF REASSIGNMENT - 8**

4. Petitioner's request for appointment of counsel (contained in the Petition) under 18 U.S.C. § 3599, a provision of law that provides for appointment of counsel in federal death penalty cases, is DENIED as inapplicable. While appointment of counsel for state prisoners pursuing federal habeas matters is permitted under very limited circumstances, those circumstances are not presently applicable, and, therefore, the Court will not appoint counsel at this time.

DATED: October 7, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge